File No. 645400S0IP

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| ANTOINE JOHNSON,<br><br>Plaintiff,<br><br>-vs-<br><br>2207805 ONTARIO INC., d/b/a HAPPY HAULAGE, a foreign corporation, and SINGH HARJOT,<br><br>Defendants. | ) | No. 2:26-cv-14223 |


| | |
|---|---|
| Kevin H. Seiferheld<br>Alexander P. Kemp<br>Leo J. St. Amour<br>Michigan Auto Law, P.C.<br>30101 Northwestern Highway<br>Farmington Hills, Michigan 48334<br>kseiferheld@michiganautolaw.com<br>akemp@michiganautolaw.com<br>lstamour@michiganautolaw.com<br>esimon@michiganautolaw.com | Andrew P. Rice<br>Cray Huber Horstman Heil & VanAusdal LLC<br>303 West Madison Street<br>Suite 2200<br>Chicago, Illinois 60606<br>(312) 332-8450<br>apr@crayhuber.com<br>Assistant: corinne@crayhuber.com |


**DEFENDANTS, 2207805 ONTARIO INC. d/b/a HAPPY HAULAGE and HARJOT SINGH'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants, 2207805 ONTARIO INC. d/b/a HAPPY HAULAGE (hereinafter "HAPPY HAULAGE") and HARJOT SINGH (hereinafter "SINGH"), by and through their attorneys, CRAY HUBER HORSTMAN HEIL & VanAUSDAL LLC, and for their Answer and Affirmative Defenses to Plaintiff's Complaint, state as follows:

1. That the amount in controversy exceeds Twenty-Five Thousand ($25,000.00) Dollars.

**ANSWER:** **These defendants, HAPPY HAULAGE and SINGH, have insufficient information as to the allegations contained in paragraph 1 of Plaintiff's Complaint and, therefore, cannot admit or deny and demand strict proof thereof.**

2. That Plaintiff, ANTOINE JOHNSON, at all times material hereto, was a resident of the City of White Lake, County of Oakland, and State of Michigan.

**ANSWER:** **These defendants, HAPPY HAULAGE and SINGH, have insufficient information as to the allegations contained in paragraph 2 of Plaintiff's Complaint and, therefore, cannot admit or deny and demand strict proof thereof.**

3. That Defendant, SINGH HARJOT, at all times material hereto, was a resident of the City of Woodstock, County of Oxford, and Province of Ontario.

**ANSWER:** **The defendant, SINGH, admits the allegations contained in paragraph 3 of Plaintiffs' Complaint.**

4. That Defendant, 2207805 ONTARIO INC, d/b/a HAPPY HAULAGE, is a foreign corporation authorized to do business in the County of Wayne, and State of Michigan, by virtue of the Statutes of the State of Michigan and was at all times material hereto, doing business as Plaintiff is informed and believes.

**ANSWER:** **This defendant, HAPPY HAULAGE, admits the allegations contained in paragraph 4 of Plaintiffs' Complaint.**

**COUNT I**

5. That on or about February 14, 2025, at or about 4:25 p.m., Plaintiff, ANTOINE JOHNSON, was lawfully driving eastbound on Interstate-94, at or near the intersection of French Road, in the City of Detroit, County of Wayne, and State of Michigan.

**ANSWER:** **These defendants, HAPPY HAULAGE and SINGH, have insufficient information as to the allegations contained in paragraph 5 of Count I of Plaintiff's Complaint and, therefore, cannot admit or deny and demand strict proof thereof.**

6. That at the aforementioned time and place, Defendant, SINGH HARJOT, was driving a 2005 Peterbilt, license number PB14200, with the express and implied consent and knowledge of its owner, 2207805 ONTARIO INC, d/b/a HAPPY HAULAGE, and was in the course and scope of his employment with 2207805 ONTARIO INC, d/b/a HAPPY HAULAGE, said companies being liable under the doctrine of Respondeat Superior and the Owner's Liability Act.

**ANSWER:** **These defendants, HAPPY HAULAGE and SINGH, admit only that SINGH was operating the 2005 Peterbilt with the knowledge and consent of HAPPY HAULAGE and was in the course and scope of his employment on February 14, 2025, and at the time of the accident reference herein.**

7. At that time and place, Defendant, SINGH HARJOT, owed the Plaintiff, ANTOINE JOHNSON, and the public the duty to obey and drive in conformity with the duties embodied in the Common Law, the Motor Vehicle Code of the State of Michigan, as amended, and the ordinances of the City of Detroit.

**ANSWER:** **The defendant, SINGH, admits only those duties rightfully imposed on him by law and further denies any and all remaining allegations contained in paragraph 7 of Count I of Plaintiff's Complaint.**

8. That Defendant, SINGH HARJOT, did then and there display gross negligence, willful and wanton conduct and/or ordinary negligence and misconduct by being unable to stop in an assured clear distance ahead, and striking Plaintiff's vehicle.

**ANSWER:** **The defendant, SINGH, denies the allegations contained in paragraph 8 of Count I of Plaintiff's Complaint at Law.**

9. That at the said time and place, Defendants, SINGH HARJOT and 2207805 ONTARIO INC, d/b/a HAPPY HAULAGE, were guilty of gross negligence, willful and wanton conduct and/or ordinary negligence and misconduct as follows:

(A) In driving at an excessive rate of speed, under the conditions then and there existing;

(B) In failing to yield the right of way;

(C) In driving in such a manner as to be unable to stop within an assured clear distance ahead;

(D) In failing to keep a reasonable lookout for other persons and vehicles using said highway;

(E) In failing to have the vehicle equipped with proper brakes and/or failing to apply said brakes in time;

(F) In failing to drive with due care and caution;

(G) In driving while distracted;

(H) In failing to take all possible precautions to avoid any collision with other motor vehicles; and

(I) In failing to make and/or renew observations of the conditions of traffic on the highway.

**ANSWER: The defendants, HAPPY HAULAGE and SINGH, deny the allegations contained in paragraph 9, including subparagraphs (A) through (I) inclusive, of Count I of Plaintiff's Complaint.**

10. The Defendant, SINGH HARJOT, was further negligent in failing to obey and drive in conformity with the Common Law and the Motor Vehicle Code of the State of Michigan as amended and ordinances of the City of Detroit.

**ANSWER: The defendant, SINGH, denies the allegations contained in paragraph 10 of Count I of Plaintiff's Complaint.**

11. That among those Statutes Defendants, SINGH HARJOT, and 2207805 ONTARIO INC, d/b/a HAPPY HAULAGE, violated include, but are not limited to the following:

| | | |
|---|---|---|
| M.C.L. | 257.401 | Owner liability; |
| M.C.L. | 257.402 | Vehicle struck from rear; |
| M.C.L. | 257.602b | Reading, typing or sending text message |

| | | |
|---|---|---|
| M.C.L. | 257.626 | Reckless driving; |
| M.C.L. | 257.626(b) | Careless or negligent driving; |
| M.C.L. | 257.627 | General restrictions as to speed - assured clear distance ahead; |
| M.C.L. | 257.628 | Failure to observe a speed limit or traffic control sign or signal; |
| M.C.L. | 257.642 | Roadway with two or more marked lanes; |
| M.C.L. | 257.643 | Following too closely; |
| M.C.L. | 257.649 | Right-of-way; stop signs; merging; |
| M.C.L. | 257.676b | Interference with flow of traffic; |
| M.C.L. | 257.677 | View or control of driver; |
| M.C.L. | 257.683 | Unlawful to drive or, as owner, permit to be driven or moved unsafe vehicle; |
| M.C.L. | 257.705 | Brakes; |
| M.C.L. | 257.709 | Unobstructed windshield and windows; |
| M.C.L. | 480.11, et seq. | Motor Carrier Safety Act of 1963; and |
| 49 C.F.R. | Parts 300-399 | Motor Carrier Safety Act<br>Code of Federal Regulations. |

<u>**ANSWER:**</u> **The defendants, HAPPY HAULAGE and SINGH, deny the allegations contained in paragraph 11, including all subsections inclusive, of Count I of Plaintiff's Complaint.**

12. That as a proximate cause of Defendants' negligence, Plaintiff, ANTOINE JOHNSON, was seriously injured and suffered a serious impairment of body function, serious neurological injury and/or permanent serious disfigurement as follows: cervical spine and lumbar spine injuries, plus other injuries which may be found to have been sustained to the head, neck, shoulders, arms, knees, back, chest, dental injuries and to other parts of his body, externally and

internally, and some or all of which interferes with his enjoyment of life and caused Plaintiff, ANTOINE JOHNSON, great pain and suffering.

**ANSWER:** **These defendants, HAPPY HAULAGE and SINGH, have insufficient information as to the allegations contained in paragraph 12 of Count I of Plaintiff's Complaint and, therefore, cannot admit or deny and demand strict proof thereof.**

13. That as a proximate cause of said injuries, Plaintiff, ANTOINE JOHNSON, suffered traumatic shock and injury to the nervous system, causing severe mental and emotional anguish, which interferes with his enjoyment of life and may require psychiatric treatment, and more generally became sick and disabled, and some or all of said injuries, as set forth herein, may be permanent in nature.

**ANSWER:** **These defendants, HAPPY HAULAGE and SINGH, have insufficient information as to the allegations contained in paragraph 13 of Plaintiff's Complaint and, therefore, cannot admit or deny and demand strict proof thereof.**

14. That should it be determined at the time of trial that the said Plaintiff, ANTOINE JOHNSON, was suffering from any pre-existing conditions, at the time of the aforesaid collision, then and in such event, it is averred that the negligence of Defendants precipitated, exacerbated and aggravated any such pre-existing conditions.

**ANSWER:** **These defendants, HAPPY HAULAGE and SINGH, make no response to paragraph 14 of Count I of Plaintiff's Complaint as this paragraph is deemed a statement and not an allegation. If any part of paragraph 14 is deemed an allegation, those allegations against defendants, HAPPY HAULAGE and SINGH, are specifically denied.**

WHEREFORE, Defendants, 2207805 ONTARIO INC. d/b/a HAPPY HAULAGE and HARJOT SINGH,, deny that the Plaintiff, ANTOINE JOHNSON, is entitled to judgment in any amount whatsoever and further requests that this Court dismiss Count I of Plaintiff's Complaint at Law in its entirety.

## COUNT II

15. Plaintiff hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-14.

**ANSWER:** **These defendants, HAPPY HAULAGE and SINGH, reincorporate and restate their answers in response to paragraphs 1 through 14 of Plaintiff's Complaint as their response to paragraph 15 of Count II of Plaintiff's Complaint.**

16. Plaintiff ANTOINE JOHNSON hereby claims damages for allowable expenses and work loss in excess of the no-fault PIP limits, daily, monthly, and three (3) year limitations plus all other economic damages allowable under the Michigan No-Fault Law.

**ANSWER:** **These defendants, HAPPY HAULAGE and SINGH, make no response to paragraph 16 of Count II of Plaintiff's Complaint as this paragraph is deemed to be a statement and not an allegation. If any part of paragraph 16 is deemed an allegation, those allegations against defendants, HAPPY HAULAGE and SINGH, are specifically denied.**

17. Plaintiff ANTOINE JOHNSON hereby claims all damages for wage loss / work loss, in the past, present and into the future.

**ANSWER:** **These defendants, HAPPY HAULAGE and SINGH, make no response to paragraph 17 of Count II of Plaintiff's Complaint as this paragraph is deemed to be a statement and not an allegation. If any part of paragraph 17 is deemed an allegation, those allegations against defendants, HAPPY HAULAGE and SINGH, are specifically denied.**

18. Plaintiff ANTOINE JOHNSON hereby claims all damages for medical expenses, hospital expenses, surgical and other health care providers expenses related to diagnosis and/or treatment, as well as attendant care expenses, nursing, rehabilitation, and therapy, in the past, present and into the future.

**ANSWER:** **These defendants, HAPPY HAULAGE and SINGH, make no response to paragraph 18 of Count II of Plaintiff's Complaint as this paragraph is deemed to be a statement and not an allegation. If any part of paragraph 18 is deemed an allegation, those allegations against defendants, HAPPY HAULAGE and SINGH, are specifically denied.**

19. Plaintiff ANTOINE JOHNSON hereby claims all non-economic damages for the serious impairment of body function and/or permanent serious disfigurement as more clearly set out in the injuries listed in Count I.

**ANSWER:** **These defendants, HAPPY HAULAGE and SINGH, make no response to paragraph 19 of Count II of Plaintiff's Complaint as this paragraph is deemed to be a statement and not an allegation. If any part of paragraph 19 is deemed an allegation, those allegations against defendants, HAPPY HAULAGE and SINGH, are specifically denied.**

WHEREFORE, Defendants, 2207805 ONTARIO INC. d/b/a HAPPY HAULAGE and HARJOT SINGH,, deny that the Plaintiff, ANTOINE JOHNSON, is entitled to judgment in any amount whatsoever and further requests that this Court dismiss Count II of Plaintiff's Complaint at Law in its entirety.

**COUNT III – DIRECT NEGLIGENCE**
**AGAINST DEFENDANT 2207805 ONTARIO INC, d/b/a HAPPY HAULAGE**

20. Plaintiff hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-19.

**ANSWER:** **These defendants, HAPPY HAULAGE and SINGH, reincorporate and restate their answers in response to paragraphs 1 through 19 of Plaintiff's Complaint as their response to paragraph 20 of Count III of Plaintiff's Complaint.**

21. Defendant 2207805 ONTARIO INC, d/b/a HAPPY HAULAGE owed the Plaintiff and the public at large a duty to comply, and act in accordance with, the standards and requirements set forth in the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations; the Federal Motor Carrier Safety Regulations; and MCL 480.11 et seq., the Motor Carrier Safety Act of 1963.

**ANSWER:** **The defendant, HAPPY HAULAGE, admits only those duties rightfully imposed on it by law and further denies any and all remaining allegations contained in paragraph 21 of Count III of Plaintiff's Complaint.**

22. Defendant 2207805 ONTARIO INC, d/b/a HAPPY HAULAGE, was directly negligent, independent of the negligence of Defendant SINGH HARJOT, in failing to comply with the standards and requirements as set forth in the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations; the Federal Motor Carrier Safety Regulations; and MCL 480.11 et seq., the Motor Carrier Safety Act of 1963; in one or more of the following ways:

(A) Failing to properly screen and investigate Defendant SINGH HARJOT prior to hiring him, or in hiring him notwithstanding knowledge of his inexperience, lack of knowledge, and poor driving record and safety record;

(B) Failing to properly direct, instruct, supervise, and train and/or control, Defendant SINGH HARJOT regarding the safe operation of a commercial motor vehicle and compliance with applicable Federal and Michigan Statutes;

(C) Failing to take steps to ensure Defendant SINGH HARJOT's compliance with applicable Federal and Michigan statutes, and the standard of care for a commercial motor vehicle driver;

(D) 2207805 ONTARIO INC, d/b/a HAPPY HAULAGE's failure to design, implement, and enforce safety controls and procedures for the safe operation of commercial vehicles, creating a culture of risk constituting a dangerous mode of operation reasonably anticipated to cause injury and/or death to the traveling public, including the Plaintiff; and

(E) Failing to systematically and properly inspect and maintain a vehicle under its ownership or control, the 2005 Peterbilt, license number PB14200, in accordance with the standards set forth in the Federal Motor Carrier Safety Regulations and Michigan Motor Carrier Safety Act.

**ANSWER:** **The defendant, HAPPY HAULAGE, denies the allegations contained in paragraph 22, including subparagraphs (A) through (E) inclusive, of Count III of Plaintiff's Complaint.**

23. Defendant 2207805 ONTARIO INC, d/b/a HAPPY HAULAGE was negligent in failing to ensure that its employees and/or independent contractors adhere to the proper Federal and State regulations and/or failed to properly hire, direct, instruct, supervise, train, and/or control its employees, including but not limited to Defendant SINGH HARJOT.

**ANSWER:** **The defendant, HAPPY HAULAGE, denies the allegations contained in paragraph 23 of Count III of Plaintiff's Complaint.**

24. The negligence of Defendant 2207805 ONTARIO INC, d/b/a HAPPY HAULAGE in hiring, directing, instructing, supervising, training and/or controlling Defendant SINGH HARJOT was a cause of the collision.

**ANSWER:** **The defendant, HAPPY HAULAGE, denies the allegations contained in paragraph 24 of Count III of Plaintiff's Complaint.**

25. Defendant 2207805 ONTARIO INC, d/b/a HAPPY HAULAGE was negligent in failing to ensure that the vehicles under its ownership or control, including the 2005 Peterbilt, , were systematically and properly inspected, maintained, and repaired, as required by the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations; the Federal Motor Carrier Safety Regulations; and MCL 480.11 et seq., the Motor Carrier Safety Act of 1963.

**ANSWER:** **The defendant, HAPPY HAULAGE, denies the allegations contained in paragraph 25 of Count III of Plaintiff's Complaint.**

26. The negligence of Defendant 2207805 ONTARIO INC, d/b/a HAPPY HAULAGE in systematically inspecting, maintaining, and repairing the vehicles under its ownership or control, including the 2005 Peterbilt, was a cause of the collision.

**ANSWER:** **The defendant, HAPPY HAULAGE, denies the allegations contained in paragraph 26 of Count III of Plaintiff's Complaint.**

WHEREFORE, Defendant, 2207805 ONTARIO INC. d/b/a HAPPY HAULAGE, denies that the Plaintiff, ANTOINE JOHNSON, is entitled to judgment in any amount whatsoever and further requests that this Court dismiss Count III of Plaintiff's Complaint at Law in its entirety.

**COUNT IV – COMMON LAW NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT 2207805 ONTARIO INC, d/b/a HAPPY HAULAGE**

27. Plaintiff hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-26.

**ANSWER:** **The defendant, HAPPY HAULAGE, reincorporates and restates its answers in response to paragraphs 1 through 26 of Plaintiff's Complaint as its response to paragraph 27 of Count IV of Plaintiff's Complaint.**

28. Defendant 2207805 ONTARIO INC, d/b/a HAPPY HAULAGE carelessly, recklessly and negligently entrusted the aforementioned motor vehicle and the operation thereof to the defendant-driver, the latter being a person incompetent and unfit to drive a motor vehicle upon the highway of the State of Michigan by reason of inability, inexperience, and consistently negligent driving, all of which were known by Defendant, 2207805 ONTARIO INC, d/b/a HAPPY HAULAGE, or should have been known in the exercise of reasonable care and caution, such that Defendant 2207805 ONTARIO INC, d/b/a HAPPY HAULAGE is hereby guilty of negligence, independent, separate and distinct of defendant-driver.

**ANSWER:** **The defendant, HAPPY HAULAGE, denies the allegations contained in paragraph 28 of Count III of Plaintiff's Complaint.**

29. The negligence of Defendant 2207805 ONTARIO INC, d/b/a HAPPY HAULAGE in entrusting the aforementioned motor vehicle, and the operation thereof, to Defendant SINGH HARJOT, was a cause of the collision.

**ANSWER:** **The defendant, HAPPY HAULAGE, denies the allegations contained in paragraph 29 of Count III of Plaintiff's Complaint.**

WHEREFORE, Defendant, 2207805 ONTARIO INC. d/b/a HAPPY HAULAGE, denies that the Plaintiff, ANTOINE JOHNSON, is entitled to judgment in any amount whatsoever and further requests that this Court dismiss Count IV Plaintiff's Complaint at Law in its entirety.

Respectfully submitted,

CRAY HUBER HORSTMAN HEIL
& VanAUSDAL LLC

By: /s/ *Andrew P. Rice*
Andrew P. Rice

Andrew P. Rice (P79302)
CRAY HUBER HORSTMAN HEIL
& VanAUSDAL LLC
303 West Madison Street
Suite 2200
Chicago, Illinois 60606
(312) 332-8450
apr@crayhuber.com
*Attorneys for Defendants, 2207805 ONTARIO INC. d/b/a HAPPY HAULAGE and HARJOT SINGH*

## JURY TRIAL DEMAND

Defendants, 2207805 ONTARIO INC. d/b/a HAPPY HAULAGE and HARJOT SINGH, hereby demand a trial by jury in this Cause.

**DEFENDANTS' AFFIRMATIVE DEFENSES**

Now come Defendants, 2207805 ONTARIO INC. d/b/a HAPPY HAULAGE and HARJOT SINGH, by and through their attorneys, CRAY HUBER HORSTMAN HEIL & VanAUSDAL, LLC, and for their Affirmative Defenses to Plaintiff's Complaint, state as follows:

1. Plaintiff's claims are barred as the injuries allegedly sustained by Plaintiff do not meet the requisite threshold as provided in the Motor Vehicle Personal Property and Protection Act, more commonly known as the Michigan No–Fault Act, MCL 500.3101 et seq. as Defendants, 2207805 ONTARIO INC. d/b/a HAPPY HAULAGE and HARJOT SINGH, have tort immunity pursuant to MCL 500.3135 for non-economic losses.

2. Defendants, 2207805 ONTARIO INC. d/b/a HAPPY HAULAGE and HARJOT SINGH, have tort immunity for any claimed economic loss sustained by Plaintiffs pursuant to MCL 500.3135(2) and (3).

3. In the event Defendants, 2207805 ONTARIO INC. d/b/a HAPPY HAULAGE and HARJOT SINGH, are found to be negligent, which allegations are specifically denied, then Defendants, 2207805 ONTARIO INC. d/b/a HAPPY HAULAGE and HARJOT SINGH, will prove that said negligence is excused by actions not of Defendants' own making, including but not limited to the careless and negligent actions of the Plaintiff and the operation of the vehicle by the Plaintiff, ANTOINE JOHNSON.

4. Plaintiff, ANTOINE JOHNSON, was guilty of negligence and/or comparative negligence, which was and/or is the proximate cause of the Plaintiff's, ANTOINE JOHNSON, alleged injuries, including, but not limited to the following:

(a) In conducting himself in a negligent and careless manner under the circumstances then and there existing.

(b) Failing to keep a safe and careful lookout and keep a proper observation of other vehicles and particularly the vehicle driven by the Defendant, HARJOT SINGH, as well as others;

(c). Failing to yield to the Defendant, HARJOT SINGH's, right of way in violation of MCL 257.671(3);

(d) Failing to keep a proper lookout, keep proper observation, and otherwise fail to comply with his common law duty to use reasonable and ordinary care under the circumstances;

(e) Disregarding the rights, safety and position of the Defendant, HARJOT SINGH, on the roadway;

(f) Failing to pay attention to the traffic and weather conditions on the roadway;

(g) Failing to operate his vehicle in disregard for the safety and rights of others, in violation of MCL 257.626(A);

(h) Failing to exercise care that was reasonable and proper with due regard to the traffic conditions and circumstances and other relevant conditions then and there existing, in violation of MCL 257.652;

(i) Failing to drive, operate or maintain his vehicle in a careful and prudent manner, in violation of MCL 257.626(B);

(j) Driving in a negligent manner likely to endanger other persons or property, in violation of MCL 257.626(B);

(k) Failing to observe such ordinary care in driving as the rules of common law require, in violation of MCL 257.401;

(l) Failing to give proper attention and make proper observation for the care and safety of others, in violation of MCL 257.627 and MCL 527.649;

(m) Otherwise driving or acting in violation of applicable statutory, ordinance and/or common law; and

(n) Other instances of negligence which will become known through discovery, all in violation of Plaintiff's duty in the operation of her vehicle and the statutes of the State of Michigan, pertinent local ordinances and common law.

5. Any and all injuries or damages allegedly sustained by the Plaintiff, ANTOINE JOHNSON, were the proximate result of the negligence acts and/or omissions of the Plaintiff, ANTOINE JOHNSON, on February 14, 2025.

6. At the time of the accident, Plaintiff, ANTOINE JOHNSON, was more than fifty (50%) percent at fault and, therefore, is not entitled to damages for any claimed non-economic losses.

7. Plaintiff, ANTOINE JOHNSON, failed to mitigate his damages.

8. Defendants, 2207805 ONTARIO INC. d/b/a HAPPY HAULAGE and HARJOT SINGH, specifically claim the statutory set off of all collateral sources received by the Plaintiff, ANTOINE JOHNSON, and all other provisions and benefits permitted by MCLA 600.6303, MSA 27A.6303, et. seq.

9. That these Defendants, 2207805 ONTARIO INC. d/b/a HAPPY HAULAGE and HARJOT SINGH, are not negligent in any of the actions alleged that was and/or is the proximate cause of any claimed damages and/or injuries to the Plaintiff.

10. That the sole proximate cause of the injuries of Plaintiff, ANTOINE JOHNSON, alleged in Plaintiff's Complaint is the fault and/or negligence of Plaintiff, ANTOINE JOHNSON.

11. That the Defendants rely on all defenses, limitations and set offs provided under the Michigan Tort Reform Act.

12. That Plaintiff's claim for non-economic damages is barred by MCL 600.2959 because Plaintiff, ANTOINE JOHNSON's, fault is greater than the aggregate fault of the parties and/or from careless and negligent conduct against others including this Defendants, 2207805 ONTARIO INC. d/b/a HAPPY HAULAGE and HARJOT SINGH.

13. Defendants, 2207805 ONTARIO INC. d/b/a HAPPY HAULAGE and HARJOT SINGH, assert all of the defenses available under the Department of Transportation and/or Michigan Department of Transportation statutes, rules, regulations and procedures.

14. At all relevant times it was also the duty of the Plaintiff, ANTOINE JOHNSON, to refrain from careless and negligent conduct against others including the Defendants, 2207805 ONTARIO INC. d/b/a HAPPY HAULAGE and HARJOT SINGH.

15. These Defendants, 2207805 ONTARIO INC. d/b/a HAPPY HAULAGE and HARJOT SINGH, reserve the right to submit additional and/or supplemental affirmative defenses to this action which may become known to these Defendants during the course of investigation, discovery and/or trial of this matter.

WHEREFORE, Defendants, 2207805 ONTARIO INC. d/b/a HAPPY HAULAGE and HARJOT SINGH, pray for judgment in their favor and against the Plaintiff, ANTOINE JOHNSON, or, in the alternative, that said cause of action be barred and/or that the Plaintiff's damages be reduced accordingly, and further prays that should the Plaintiff obtain a verdict in his favor that this judgment be reduced by the full amount/value of any money or in-kind benefit paid in settlement before or after the initiation of suit, if any, by any alleged and/or putative tortfeasor, joint or otherwise. Defendants, 2207805 ONTARIO INC. d/b/a HAPPY HAULAGE and HARJOT SINGH, pray for their costs of suit.

Respectfully submitted,

CRAY HUBER HORSTMAN HEIL
& VanAUSDAL LLC

By: *Andrew P. Rice*
Andrew P. Rice

Andrew P. Rice (P79302)
CRAY HUBER HORSTMAN HEIL & VanAUSDAL LLC
303 West Madison Street, Suite 2200
Chicago, Illinois 60606
(312) 332-8450
apr@crayhuber.com
*Attorneys for Defendants, 2207805 ONTARIO INC. d/b/a HAPPY HAULAGE and HARJOT SINGH*

**CERTIFICATE OF SERVICE**

The undersigned certifies pursuant to Fed. R. Civ. P. 5, that a true and correct copy of the foregoing **Defendants, 2207805 Ontario Inc. d/b/a Happy Haulage** and **Harjot Singh's, Answer and Affirmative Defenses to Plaintiff's Complaint** was filed on **November 24, 2026,** with the clerk of the court using the CM/ECF system, which will send notice to counsel of record.

By: *Andrew P. Rice*
Andrew P. Rice